UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CHRISTOPHER CASEY,

        Plaintiff,         **COMPLAINT**

   -against-          **PLAINTIFF DEMANDS**
                **TRIAL BY JURY**

THE LONG ISLAND RAILROAD COMPANY,

        Defendant.
----------------------------------------------------------------X

   Plaintiff, by his attorney, Fredric M. Gold, complaining of the defendant, respectfully shows to this Court and alleges:

1. This action arises under the Federal Employers' Liability Act (45 USC §5l, et seq.).

2. Upon information and belief and at all times herein mentioned, the defendant was a public benefit corporation organized and existing under and by virtue of the laws of the State of New York.

3. Upon information and belief and at all times herein mentioned, and with regard to the provisions of 45 USC §51, et seq., the defendant has been and still is doing business throughout the Counties of New York, Queens, Kings, Nassau and Suffolk, State of New York, within the jurisdiction of this Court and in various other states and having its principal place of business within the jurisdiction of this Court.

4. Upon information and belief and at all times hereinafter mentioned, the plaintiff resided at 1 Berry Lane, Miller Place, in the County of Suffolk, State of New York, and within the jurisdiction of this Court.

5. At all times herein mentioned, the defendant was and still is a common carrier by rail engaged in interstate commerce between different states in the United States.

6. That prior to August 28, 2025 and at all times hereinafter mentioned the defendant employed the plaintiff as a Car Repairman under its direction, supervision and control and in furtherance of its business in interstate commerce.

7.    That on, and for many years prior to, August 28, 2025 the defendant, owned, operated, maintained, managed, leased and/or controlled certain railroad property, more specifically the Hillside Maintenance Facility, Queens, New York, which included the station, the yard, ticket office, buildings, structures, premises, grounds, tracks, platforms, walkways rails, switches, sidings, train cars, roadbeds and appurtenances thereto, over through and upon which the defendant operated its engines, trains and cars under its direction and control.

8.    That the defendant was under a duty to inspect, maintain and the plaintiff's work place aforementioned in a safe condition and free from any and all hazards, as well as a duty to provide the plaintiff with a safe work place and/or safe tools, equipment and/or personnel with which to work.

9.    That on or about August 28, 2025 while the plaintiff, as an employee of the defendant, was in the performance of his duties as a Car Repairman at the Hillside Maintenance Facility he was caused to sustain severe and disabling injuries as a result of the negligence, carelessness and recklessness of the defendant in failing to provide him with a safe place to work and/or safe tools, equipment and/or personnel with which to work, as hereinafter set forth.

10.    That on or about August 28, 2025 at approximately 10:00 am, the plaintiff was under an M7 train car, from which the under car waste pipes had been removed thus leaving an open pipe through the train car's floor, having been assigned to replace the cable for a black water tank cut- out M7 Car exterior handle, when suddenly and without warning the waste pipe cut-out opened and expelled the contents of the black water tank, consisting of human waste, directly onto the plaintiff's head.

11.    That the said accident and resulting injuries to the plaintiff were caused solely by reason of the negligence, carelessness and recklessness of the defendant, its agents, servants and/or employees' in failing to exercise due care and diligence; in failing to provide plaintiff with a safe place to work and/or safe tools, equipment and/or personnel with which to work; in failing to promulgate safety rules and procedures for activities carried out by their personnel at the aforesaid place; in failing to warn plaintiff of the existence of the dangers involved in the performance of his duties as a Car

Repairman; in assigning the plaintiff to the task under hazardous and unsafe working conditions; in failing to properly empty the black water/waste tank prior to assigning the task to the plaintiff; in requiring the plaintiff to perform the assigned task under the train car in question which the pipes were removed;  in failing to follow its own protocols post incident to appropriately address and mitigate the health risks of occupational exposure to human waste; in failing to provide the plaintiff with safe premises in which to work; in failing to make proper and adequate provisions for the safety of plaintiff; in that the defendant failed to promulgate and enforce proper and safe rules for the safe conduct of the work operations of the railroad and the defendant was otherwise generally negligent under the circumstances.

12.    That the said injuries were incurred while the plaintiff was acting in furtherance of interstate commerce, or in work substantially affecting the same.

13.    That the plaintiff, was damaged thereby in the sum in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), and within the jurisdiction of this Court.

WHEREFORE, plaintiff demands judgment against the defendant LONG ISLAND RAILROAD COMPANY, in a sum in excess of SEVENTY-FIVE THOUSAND DOLLARS together with the costs and disbursements of this action.

Dated:  New York, New York
        February 18, 2026

Fredric M. Gold PC
Attorney for Plaintiff

*Fredric M. Gold*

_____
By: Fredric M. Gold
450 Seventh Ave., Ste 705
New York, NY 10123
212.244.2740
fredricmgold@verizon.net